**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
RAFAEL GUTIERREZ,

        Plaintiff,      20-CV-3061 (OTW)

   -against-        **OPINION & ORDER**

ABDREW M. SAUL, COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
-------------------------------------------------------------x

  **ONA T. WANG, United States Magistrate Judge:**

**I. INTRODUCTION**

  On March 29, 2022, Plaintiff Rafael Gutierrez ("Plaintiff") moved against Defendant the Commissioner of Social Security ("Commissioner") for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF 45). Pursuant to a written contingency fee agreement ("Fee Agreement") between Plaintiff and Christopher J. Bowes Esq., dated November 12, 2014, Plaintiff agreed to pay Mr. Bowes twenty-five percent of his past due benefits pursuant to 42 U.S.C § 406(b). (ECF 46 at ¶ 12). By Notice of Award, dated March 14, 2022, the Social Security Administration ("SSA") concluded that Plaintiff's past-due benefits amounted to $283,200. (ECF 46 at ¶ 24); (ECF 46 at ¶ 25).

  Counsel for Plaintiff moves for an award of $61,206.20, approximately twenty-five percent of Plaintiff's past due benefits subtracting the previous award under the Equal Access to Justice Act 28 U.S.C. § 2412 ("EAJA"). (ECF 45). The parties previously stipulated to the payment of $6,800.00 under the EAJA. (ECF 44).

1

For the reasons set forth below, Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is **GRANTED**. The SSA is directed to approve a payment of **$70,793.28** to the Law Offices of Christopher J. Bowes, Esq., and upon receipt of that payment, Mr. Bowes shall refund **$9,587.08** to Plaintiff.[1]

## II. DISCUSSION

Section 406(b) of the Social Security Act provides:

> The court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may. . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. at 789, 807. Instead, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807; *accord Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). The Court's reasonableness analysis looks at three factors: (1) whether the requested fees exceed the statutory twenty-five percent limit, (2) whether the contingent fee agreement was reached through "fraud" or "overreaching," and (3) whether the requested amount would

---

[1] Counsel for Plaintiff seeks $61,206.20 which is the amount of fees reduced by the prior award under the EAJA. (ECF 46 at ¶ 31). The Commissioner does not object to the fee award, but objects that the proper procedure is to pay counsel for Plaintiff the total fee award, then to direct counsel to refund the amount of the award under the EAJA to Plaintiff. (ECF 48 at 3). The Commissioner is correct.

create a "windfall" to counsel. *Wells*, 907 F.2d at 372. When determining whether a requested § 406(b) fee constitutes a windfall, the court considers four factors: (1) the ability and expertise of lawyers and whether they were efficient, (2) the nature and length of the professional relationship with the claimant, (3) satisfaction of the disabled claimant, and (4) how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result. *Fields v. Kijakazi*, 24 F.4th 852 (2d Circ. 2022).

Here, these factors all weigh in favor of Plaintiff's request for approval of the twenty-five percent contingency fee. The requested fees do not exceed the statutory limit of twenty-five percent. 42 U.S.C. § 406(b)(1)(A); (ECF 46 at ¶ 27). Additionally, there is no evidence that the Fee Agreement was reached through fraud or overreaching. (ECF 48 at 4); (ECF 46 at ¶ 19). Furthermore, the fee award does not constitute a windfall to Mr. Bowes.

Plaintiff's counsel has over twenty-five years of experience litigating Social Security cases. (ECF 46 at ¶ 42); (ECF 46 at ¶ 43). Furthermore, Counsel represented Plaintiff over a ten-year period and obtained a favorable result for Plaintiff, entitling him to disability benefits. (ECF 47 at 8); (ECF 47 at ¶ 23). Finally, the risk of the case was high since the Administrative Law Judge's ("ALJ") denial of Plaintiff's claim throughout a period of ten years created an uncertainty for whether the case would result in an award of benefits. (ECF 47 at 8). Accordingly, Plaintiff's counsel's requested fee is not a windfall.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is **GRANTED**. The SSA is directed to approve a payment of **$70,793.28** to the Law Offices of Christopher J. Bowes, Esq., and upon receipt of that payment, Mr. Bowes shall refund **$9,587.08** to Plaintiff.

The Clerk of Court is respectfully directed to close ECF 45.

**SO ORDERED.**

Dated: June 21, 2023  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge